1  MARLENE S. MURACO, Bar No. 154240
   mmuraco@littler.com
2  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
3  LITTLER MENDELSON, P.C.
   50 W. San Fernando, 15th Floor
4  San Jose, California  95113.2303
   Telephone:     408.998.4150
5  Facsimile:     408.288.5686

6  MICHELLE LYNN GOMEZ
   (admitted *pro hac vice*)
7  mgomez@littler.com
   LITTLER MENDELSON, P.C.
8  1900 Sixteenth Street
   Suite 800
9  Denver, CO  80202
   Telephone: (303) 629-6200
10 Fax: (303) 629-0200

11 Attorneys for Defendants
   FEDERAL INSURANCE CO. and
12 CHUBB GROUP HOLDINGS, INC.

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17 GREG BOESCH, individually, on behalf         Case No.  16-CV-03536-YGR
   of others similarly situated, and on behalf
18 of the general public,                       **STIPULATED PROTECTIVE ORDER
                                                 WITH CLAWBACK AGREEMENT**
19              Plaintiff,
                                                 *AS MODIFIED BY THE COURT*
20         v.

21 Chubb Ltd. d/b/a Chubb Group Insurance
   Cos.; Federal Insurance Co.; Chubb Group
22 Holdings, Inc., and DOES 1-50, inclusive,

23              Defendants.

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                        STIPULATED PROTECTIVE ORDER WITH
                                                CLAWBACK AGREEMENT

Plaintiff GREG BOESCH ("Plaintiff") and Defendants FEDERAL INSURANCE CO., and CHUBB GROUP HOLDINGS, INC. ("Defendants") (collectively with Plaintiff as the "Parties") agree to the following procedures to protect confidential, proprietary or private information.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order with Clawback Agreement (the "Order").

The Parties agree to produce such documents only on the agreement that such "CONFIDENTIAL" Information or Items will be disclosed only as provided herein.

The Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Party's discovery request or informal production.

The Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Discovery Material produced, including as against third parties and other federal and state proceedings, and in addition to their agreement, need the additional protections of a court order under Federal Rule of Evidence ("FRE") 502(d) and (e) to do so.

In order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Discovery Material that have been subject to minimal or no attorney review.  This Order is designed to foreclose any arguments that by making such Disclosure, the disclosure or production of Discovery Material subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    2.        STIPULATED PROTECTIVE ORDER WITH
                                                      CLAWBACK AGREEMENT

1   privilege:

2          (a)     was not inadvertent by the Producing Party;

3          (b)     that the Producing Party did not take reasonable steps to prevent the disclosure

4   of privileged Protected Material

5          (c)     that the Producing Party did not take reasonable or timely steps to rectify such

6   Disclosure; and/or

7          (d)     that such disclosure acts as a waiver of applicable privileges or protections

8   associated with such Discovery Material.

9          Because the purpose of this Order is to protect and preserve privileged Discovery

10  Material, the Parties agree they are bound as follows from and after the date their counsel have

11  signed it, even if such execution occurs prior to Court approval.

12         The Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure

13  ("FRCP") 26(c), governing the disclosure of documents and information therein pertaining to

14  "CONFIDENTIAL" Information or Items on the terms set forth herein, as well as an Order, pursuant

15  to FRE 502, governing the return of inadvertently produced Protected Material and data and

16  affording them the protections of FRE 502(d) and (e), on the terms set forth herein.  The Parties

17  acknowledge that this Order does not confer blanket protections on all disclosures or responses to

18  discovery and that the protection it affords from public disclosure and use extends only to the limited

19  information or items that are entitled to confidential treatment under the applicable legal principles.

20  The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle

21  them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that

22  must be followed and the standards that will be applied when a Party seeks permission from the

23  court to file material under seal.

24  2.     <u>DEFINITIONS</u>

25         2.1     "ATTORNEYS' EYES ONLY" Information:        information (regardless of how it

26  is generated, stored or maintained) or tangible things that qualify for heightened protection under

27  Federal Rule of Civil Procedure 26(c), including but not limited to the list of putative class and

28  collective action members.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    3.          STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

1

2          2.2      <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of

3     information or items under this Order.

4          2.3      <u>"CONFIDENTIAL" Information or Items ("Confidential Information")</u>:   information

5     (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

6     under Federal Rule of Civil Procedure 26(c).

7          2.4      <u>Counsel (without qualifier)</u>:   Outside Counsel of Record and In-House Counsel (as

8     well as their support staff).

9          2.5      <u>Designating Party</u>:   a Party or Non-Party that designates information or items that it

10    produces in disclosures or in responses to discovery as "CONFIDENTIAL."

11         2.6      <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the medium

12    or manner in which it is generated, stored, or maintained (including, among other things, documents,

13    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

14    responses to discovery in this matter.

15         2.7      <u>Expert</u>:   a person with specialized knowledge or experience in a matter pertinent to

16    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

17    consultant in this action.

18         2.8      <u>In-House Counsel</u>:   attorneys who are employees of a Party to this action. In-House

19    Counsel does not include Outside Counsel of Record or any other outside counsel.

20         2.9      <u>Non-Party</u>:   any natural person, partnership, corporation, association, or other legal

21    entity not named as a Party to this action, including putative class members.

22         2.10     <u>Outside Counsel of Record</u>:   attorneys who are not employees of a Party to this

23    action, but are retained to represent or advise a Party to this action and have appeared in this action

24    on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

25         2.11     <u>Party</u>:   any Party to this action, including all of its officers, directors, employees,

26    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

27         2.12     <u>Producing Party</u>:   a Party or Non-Party that produces Disclosure or Discovery

28    Material in this action.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    4.          STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

1    2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services

2    (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

3    storing, or retrieving data in any form or medium) and their employees and subcontractors.

4    2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material or other documents or

5    materials that are subject to attorney-client privilege, attorney-work product doctrine, or other

6    applicable privilege whether or not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES

7    ONLY."

8    2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

9    Producing Party.

10   3.    <u>SCOPE</u>

11   This Order will be entered pursuant to FRCP 26(c) and FRE 502.  The protections conferred

12   by this Order cover not only Protected Material and Confidential Information (as defined above), but

13   also (1) any information copied or extracted from the same; (2) all copies, excerpts, summaries, or

14   compilations of the same; and (3) any testimony, conversations, or presentations by Parties or their

15   Counsel that might reveal the same. However, the protections conferred by this Order do not cover

16   the following information: (a) any information that is in the public domain at the time of disclosure

17   to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

18   a result of publication not involving a violation of this Order, including becoming part of the public

19   record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

20   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

21   information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of

22   Protected Material and/or Confidential Material at trial shall be governed by a separate agreement or

23   order.

24   4.    <u>DURATION</u>

25   Even after final disposition of this litigation, the confidentiality obligations imposed by this

26   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

27   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

28   defenses in this action, with or without prejudice; or (2) final judgment herein after the completion

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    5.          STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING CONFIDENTIAL INFORMATION AND/OR PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.,* second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins) when feasible. A Party or Non-Party that makes original documents or

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    6.                    STIPULATED PROTECTIVE ORDER WITH
CLAWBACK AGREEMENT

1   materials available for inspection need not designate them for protection until after the inspecting

2   Party has indicated which material it would like copied and produced.  During the inspection and

3   before the designation, all of the material made available for inspection shall be deemed

4   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

5   produced, the Producing Party must determine which documents, or portions thereof, qualify for

6   protection under this Order. Then, before producing the specified documents, the Producing Party

7   must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that

8   contains Confidential Information and/or Protected Material when feasible.  If only a portion or

9   portions of the material on a page qualifies for protection, the Producing Party also must clearly

10   identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins).

11   (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

12   Designating Party identify on the record, before the close of the deposition, hearing, or other

13   proceeding, all protected testimony.

14   (c)  for information produced in some form other than documentary and for any other

15   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

16   containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

17   portion or portions of the information or item warrant protection, the Producing Party, to the extent

18   practicable, shall identify the protected portion(s).

19   5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

20   designate qualified information or items does not, standing alone, waive the Designating Party's

21   right to secure protection under this Order for such material. Upon timely correction of a

22   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

23   accordance with the provisions of this Order.

24   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

25   6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of

26   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

27   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

28   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    7.                    STIPULATED PROTECTIVE ORDER WITH
                                                                  CLAWBACK AGREEMENT

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                8.                STIPULATED PROTECTIVE ORDER WITH
                                                          CLAWBACK AGREEMENT

of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION AND/OR PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Confidential Information and Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Confidential Information and Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Confidential Information and/or Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    9.          STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

1    information for this litigation;

2          (b)   the officers, directors, and employees (including In-House Counsel) of the

3    Receiving Party to whom disclosure is reasonably necessary for this litigation;

4          (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is

5    reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

6    to Be Bound" (Exhibit A);

7          (d)   the court and its personnel;

8          (e)   court reporters and their staff;

9          (f)   professional jury or trial consultants, mock jurors, and Professional Vendors to

10   whom disclosure is reasonably necessary for this litigation and who have signed the

11   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12         (g)   during their depositions, witnesses in the action to whom disclosure is reasonably

13   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

14   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

15   deposition testimony or exhibits to depositions that reveal Protected Material and/or Confidential

16   Information must be separately bound by the court reporter and may not be disclosed to anyone

17   except as permitted under this Order; and

18         (h)   the author or recipient of a document containing the information or a custodian or

19   other person who otherwise possessed or knew the information.

20         7.3   <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise

21   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

22   disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

23         (a)   the Receiving Party's Outside Counsel of Record in this action, as well as

24   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

25   information for this litigation;

26         (b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is

27   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

28   to Be Bound" (Exhibit A); and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    10.        STIPULATED PROTECTIVE ORDER WITH
                                                       CLAWBACK AGREEMENT

(c) the court and its personnel. 8.     PROTECTED     MATERIAL     AND/OR     CONFIDENTIAL

INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or court order;

(b)  promptly notify in writing the Party who caused the subpoena or order to issue in

the other litigation that some or all of the material covered by the subpoena or order is subject to this

Order. Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material and/or Confidential Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or

order issued, unless the Party has obtained the Designating Party's permission. The Designating

Party shall bear the burden and expense of seeking protection in that court of its confidential material

– and nothing in these provisions should be construed as authorizing or encouraging a Receiving

Party in this action to disobey a lawful directive from another court.

9.     A   NON-PARTY'S   CONFIDENTIAL   INFORMATION   AND/OR   PROTECTED

MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a

Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    11.         STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

10.    UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION AND/OR PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information and/or Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information and/or Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                12.        STIPULATED PROTECTIVE ORDER WITH
                                                   CLAWBACK AGREEMENT

(a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b) The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i) the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    13.            STIPULATED PROTECTIVE ORDER WITH
                                                          CLAWBACK AGREEMENT

or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(ii)   If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)   If, during the course of this litigation, a Party determines it has produced a Protected Document:

(i)   the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                     14.        STIPULATED PROTECTIVE ORDER WITH
                                                        CLAWBACK AGREEMENT

any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.   Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    15.          STIPULATED PROTECTIVE ORDER WITH
                                                                              CLAWBACK AGREEMENT

(i)     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)    the disclosure of the Protected Documents was not inadvertent;

(iii)   the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)   Any Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)   Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)   Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

(j)   By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

12.   <u>MISCELLANEOUS</u>

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                16.                STIPULATED PROTECTIVE ORDER WITH
                                                          CLAWBACK AGREEMENT

1    12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek

2    its modification by the court in the future.

3    12.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party

4    waives any right it otherwise would have to object to disclosing or producing any information or

5    item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any

6    ground to use in evidence of any of the material covered by this Order.

7    12.3    Filing Confidential Information and/or Protected Material.   Without written

8    permission from the Designating Party or a court order secured after appropriate notice to all

9    interested persons, a Party may not file in the public record in this action any Confidential

10   Information and/or Protected Material. A Party that seeks to file under seal any Confidential

11   Information and/or Protected Material must comply with Civil Local Rule 79-5.   Confidential

12   Information and/or Protected Material may only be filed under seal pursuant to a court order

13   authorizing the sealing of the specific Confidential Information and/or Protected Material at issue.

14   Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

15   Confidential Information and/or Protected Material at issue is privileged, protectable as a trade

16   secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

17   Confidential Information and/or Protected Material under seal pursuant to Civil Local Rule 79-5(d)

18   is denied by the court, then the Receiving Party may file the information in the public record

19   pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

20   12.4    Information Security Protections.   Any person in possession of another Party's

21   Confidential Information and/or Protected Material shall maintain a written information security

22   program that includes reasonable administrative, technical, and physical safeguards designed to

23   protect the security and confidentiality of such Confidential Information and/or Protected Material,

24   protect against any reasonably anticipated  threats  or hazards to the security of such Confidential

25   Information and/or Protected Material, and protect against unauthorized  access  to or use of such

26   Confidential Information and/or Protected Material.  To the extent a person or Party does not have

27   an information security program they may comply with this provision by having the Confidential

28   Information and/or Protected Material managed by and/or stored with eDiscovery vendors or claims

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    17.            STIPULATED PROTECTIVE ORDER WITH
                                                            CLAWBACK AGREEMENT

1  administrators that maintain such an information security program.

2      If the Receiving Party discovers a breach of security, including any actual or suspected

3  unauthorized access, relating to another Party's Confidential Information and/or Protected Material,

4  the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach;

5  (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide

6  Designating Party with assurances reasonably satisfactory to Designating Party that such breach

7  shall not recur; and (3)  provide sufficient information about the breach that the Designating Party

8  can reasonably ascertain  the size and scope  of the breach.  If required by any judicial or

9  governmental request, requirement or order to disclose such information, the Receiving Party shall

10  take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such

11  request, requirement or order through legal means.  The Receiving Party agrees to cooperate with the

12  Designating Party or law enforcement in investigating any such security incident.  In any event, the

13  Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the

14  unauthorized access.

15  13.    UNDERLINE FINAL DISPOSITION

16      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

17  Receiving Party must return all Confidential Information and/or Protected Material to the Producing

18  Party or destroy such material. As used in this subdivision, "all Confidential Information and/or

19  Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

20  reproducing or capturing any of the Confidential Information and/or Protected Material.  Whether

21  the Confidential Information and/or Protected Material is returned or destroyed, upon request the

22  Receiving Party must submit a written certification to the Producing Party (and, if not the same

23  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

24  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

25  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

26  reproducing  or  capturing  any  of  the  Confidential  Information  and/or  Protected  Material.

27  Notwithstanding the above:

28      (a)    Counsel are entitled to retain an archival copy of all pleadings, motion papers,

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    18.          STIPULATED PROTECTIVE ORDER WITH
                                                         CLAWBACK AGREEMENT

1  trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

2  exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

3  materials contain Confidential Information and/or Protected Material.  Any such archival copies that

4  contain or constitute Confidential Information and/or Protected Material remain subject to this Order

5  as set forth in Section 4 (DURATION).

6            (b)      If any information or items designated as "CONFIDENTIAL" and produced

7  by another Party or Non-Party has been loaded into any litigation review database, counsel for the

8  Party using such database shall have the responsibility of ensuring that all such information

9  (including all associated images and native files) is extracted from such databases (including any

10  associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all

11  databases, applications and/or file systems in a manner such that they are not readily accessible

12  without the use of specialized tools or techniques typically used by a forensic expert.

13            (c)      The Parties, counsel of record for the Parties, and experts or consultants for a

14  Party shall not be required to return or to destroy any information or items designated as

15  "CONFIDENTIAL" to the extent such information is (i) stored on media that is generally considered

16  not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the

17  use of specialized tools or techniques typically used by a forensic expert; provided that to the extent

18  any such information is not returned or destroyed due to the foregoing reasons, such information or

19  items designated in this action as "CONFIDENTIAL" shall remain subject to the confidentiality

20  obligations of this Order.

21            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR                    19.                    STIPULATED PROTECTIVE ORDER WITH
                                                                   CLAWBACK AGREEMENT

1    Dated: November __, 2016

2

3                                              _____
                                               BRYAN SCHWARTZ
4                                              LOGAN STARR
                                               BRYAN SCHWARTZ LAW
5                                              Attorneys for Plaintiff
                                               GREG BOESCH

6

7    Dated: November __, 2016

8

9                                              _____
                                               MARLENE S. MURACO
10                                             KARIN M. COGBILL
                                               MICHELLE L. GOMEZ
11                                             LITTLER MENDELSON, P.C.
                                               Attorneys for Defendants
12                                             FEDERAL INSURANCE CO. and
                                               CHUBB GROUP HOLDINGS, INC.

13

14                                   *  *  *

15   PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17   Dated:  **December 23, 2016**          _____
                                            **YVONNE GONZALEZ ROGERS**
18                                          **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. 16-CV-03536-YGR          20.     STIPULATED PROTECTIVE ORDER WITH
                                          CLAWBACK AGREEMENT

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury that I have read in

5

its entirety and understand the Stipulated Protective Order with Clawback Agreement (the "Order")

6

that was issued by the United States District Court for the Northern District of California on [date] in

7

the case of *Greg Boesch v. Chubb Ltd. d/b/a Chubb Group Insurance Cos.; Federal Insurance Co.;*

8

*Chubb Group Holdings, Inc.*, Case No. 16-CV-03536-YGR.  I agree to comply with and to be bound

9

by all the terms of this Order and I understand and acknowledge that failure to so comply could

10

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

11

disclose in any manner any information or item that is subject to this Order to any person or entity

12

except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Order, even if such

15

enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone number] as

18

my California agent for service of process in connection with this action or any proceedings related

19

to enforcement of this Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

24

Printed name: _____

25

26

Signature: _____

27

Firmwide:143827141.2 089788.1001

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150